896

Estate of GERTRUDE BEDFORD BOWNE, Deceased. FRED O. BOWNE, Plaintiff and Appellant, v. COLLEEN BEDFORD CROWLEY et al., Defendants and Respondents.

Victor Bewley for Plaintiff and Appellant.

Ben Levin for Defendants and Respondents.

WOOD, P. J.—Mr. Fred O. Bowne, the surviving husband of Gertrude Bedford Bowne, deceased, filed a petition for

determination of entitlement to distribution of her estate. He appeals from the judgment which provided, among other things. that he was entitled to $1.00.

Mrs. Gertrude Bedford Bowne made a typewritten will on October 16, 1958, which stated, in part: ''FIFTH: I hereby give and bequeath to my grandchildren, Colleen Bedford Crowley and Daniel Arthur Crowley II, in equal shares, all cash on deposit in my name or in my possession, provided that if either of said grandchildren predeceases me, then I give and bequeath all such cash to the surviving grandchild; provided, further, that if both said grandchildren predecease me, then I give and bequeath all of said cash to my son, Arthur J. Crowley.''

A further part of the will was: ''EIGHTH: I hereby give and bequeath my mink stole and my platinum and one-half (.50) carat diamond ring to my husband, Fred O. Bowne, provided that if he predeceases me, then I give and bequeath said mink stole and said ring to my son, Arthur J. Crowley.''

The residue of her property, after making other bequests, was given to her son, Arthur J. Crowley.

Mrs. Bowne made a holographic codicil to her will on July 10, 1963, which stated:

''July 10, 1963          Codicils

To Colleen, two pearl, one white & one blue pearl necklace One pr. blue pearl earings. Pearl, white & gold bracelet—gold earing Arthur, gave me, gold & white pearl necklace—My Sister Marie, all china, Monticello china etc. My Son, Arthur, Sterling Silver, flat wear, etc. My sister Marie Acosta, $500.00 dollars, payable one hundred a month.

To my husband, Fred Oliver Bowne, One dollar.

My saving @ Security First National Bank, Vermont & Sunset also Home Savings 7051 Hollwyood Blvd. Gertrude Bedford Crowley Bowne.

To Marie Acosta, what little I have left you, you are not to give to your two gaughter-inlaws [sic] or your Son's, as they have not given you, but continuly take from you. It will go to Arthur Crowley, My Son, what you don't want. Especially My bedroom set, give to Colleen.

This is my last wish

Love always, sister<br>Gertrude B. Bowne''

Mrs. Bowne died on May 14, 1965.

She had made various handwriting interlineations on the will. The interlineation in the "FIFTH" provision of the will (above quoted) consisted of the words "on their 18th birthday," which were to follow the word "possession." As so interlined, that portion of the will stated: "I hereby give . . . to my grandchildren . . . all my cash on deposit in my name or in my possession on their 18th birthday, provided. . . ."

The petition for probate of the will and codicil was filed on June 14, 1965. The petition included a statement that there was a "Holographic Codicil dated July 10, 1963 and various interlineations on face of said Will." The will and codicil were admitted to probate on July 9, 1965. No contest of the will or codicil was made—the order admitting them to probate became final.

On November 21, 1966, Mr. Bowne filed a petition for determination of entitlement to distribution wherein he claimed that he was entitled to $1.00 and all money of the decedent located at the Security First National Bank, Vermont and Hollywood Branch, in Los Angeles, being (1) a savings account in the amount of $3,547.87, and (2) an uncashed check of Home Savings and Loan Company for $6,626.10 in a safe deposit box at said Security First National Bank. (The uncashed check represented the amount payable to decedent at the time she closed her account at the Home Savings and Loan in July 1964.) Mr. Bowne's claim that he is entitled to that money is based principally upon the following provision in the codicil: "To my husband, Fred Oliver Bowne, One dollar. My saving @ Security First National Bank, Vermont & Sunset also Home Savings 7051 Hollywood Blvd." He argues that the intent of the testatrix was that he receive $1.00 and also her savings of $3,547.87 at the Security First National Bank and her savings of $6,626.10 at the Home Savings and Loan Company.

Statements of interest were filed by Colleen Bedford Crowley and Daniel Arthur Crowley II. In each of those statements the claimant asserted that he or she was entitled to one-half of all cash on deposit in the name of the testatrix or in her possession at the time of her death. Also, each one claimed certain jewelry described in the will and codicil. (Statements of interest by other persons were filed, but it is not necessary to recite those interests here.)

Some of the findings of the court were: The codicil bequeathed $1.00 to Fred Oliver Bowne. The testatrix desig-

nated, in the codicil, the location of her savings by the following sentence: "My savings @ Security First National Bank, Vermont & Sunset also Home Savings 7051 Hollywood Blvd." That provision in the codicil was only a description of the location of deceased's funds, and was not intended by deceased to constitute a bequest to Fred Oliver Bowne. Colleen Bedford Crowley shall receive one-half of all cash on deposit in deceased's name or in her possession at the time of her death, except for $500 bequeathed to Marie Ann Acosta and $1.00 bequeathed to Fred Oliver Bowne. Daniel Arthur Crowley II shall receive one-half of all cash on deposit in deceased's name or in her possession at the time of her death, except for $500 bequeathed to Marie Ann Acosta and $1.00 to Fred Oliver Bowne.

One of the conclusions of law was that "Fred Oliver Bowne is entitled to distribution of said estate in the sum of One Dollar ($1.00)."

The judgment determined entitlement to distribution in accordance with the findings of fact and conclusions of law.

After the will and codicil had been received in evidence and arguments had been made regarding the interpretation to be placed thereon, the judge said that he interpreted the codicil to mean that the cash in the bank is to go to the grandchildren; that there was a period after the words "One Dollar"; and that the testatrix, by use of the subsequent words therein regarding savings, was merely stating where her savings were; that her intent was that her cash should go pursuant to paragraph Five of the will to the grandchildren, and $1.00 should go to her husband, "nothing more."

Thereupon, counsel for Mr. Bowne requested permission to make an offer of proof—that she had an account at California Federal Savings when she made the codicil, which other account was not named in the codicil. Such permission was granted, and counsel for Mr. Bowne produced evidence that in April 1963 the testatrix opened an account at California Federal Savings by depositing $3,435.27, and that the account was closed in July 1964.

Appellant contends that the court erred in its interpretation of the will and codicil. He argues that the most logical interpretation as to the intent of the testatrix is that Mr. Bowne should receive $1.00 and also the savings accounts at Security Bank and Home Savings; and that any other interpretation seems too remote a deduction or supposition to be considered.

The typewritten will, upon which there were interlineations and changes in the handwriting of the testatrix, and the holographic codicil were admitted to probate and the order admitting them to probate became final. (As above shown, the petition for probate included a statement that there were various interlineations on the face of the will.) In the present proceeding no question has been raised as to the validity of the holographic changes in the will, or as to the order admitting the will and codicil to probate. In *Estate of Caruch,* 139 Cal.App.2d 178 [293 P.2d 514], there was a witnessed will upon which the testator had made interlineations in his own handwriting, and the petition for probate stated that the proffered will with the interlineations and changes thereon was the last will; the order therein admitting the will to probate stated, among other things, that the facts set forth in the petition were true; and there was no contest of the order. In that case it was held that the order admitted to probate the witnessed will together with the holographic changes; and that such order, when not contested within six months, became final and could not be collaterally attacked. It was said therein that, in an heirship proceeding (under section 1080 of the Probate Code), "All that the court has power to do in such a proceeding is to interpret the will that has been admitted to probate—it cannot again pass on the question of due execution or validity."

The typewritten will, in paragraph "FIFTH," gave the money on deposit or in possession of the testatrix to the grandchildren. The interlineation in that paragraph, namely, "on their 18th birthday," did not affect the bequest or disposition of that money, except to designate the time when the grandchildren should receive the money, that is. they would receive it on their 18th birthday. Such interlineation was a reaffirmance of the original provision that she was giving the money to the grandchildren. The first paragraph of the holographic codicil was on the bottom part of the last page of the typewritten will, just below the signatures of the witnesses. The three lines of the codicil upon which this controversy is based are in that paragraph. The first of those lines is the one wherein she gave her husband $1.00; and the two other lines are the ones which referred to her savings at the Security Bank and Home Savings. It thus appears that the original will was before her when she made the codicil. According to the interpretation sought by appellant, the provision of the typewritten will giving the money on deposit to the grand-

children was of no effect and should be ignored, and it was the intent of the testatrix, after making a special and definite provision giving her husband $1.00 (and ending that provision with a period), to immediately thereafter give him approximately $10,000. If she intended to give him such a large amount of money, it would seem that there would be no point in making the special provision giving him $1.00. Furthermore, an interpretation that she intended to give the deposited money to him would be inconsistent with the original and reaffirmed provision in the typewritten will giving the deposited money to the grandchildren. The court properly interpreted the will and codicil.

The purported appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.